# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION.

CASE NO. 5:19-CV-114-MCR/MJF

ANTWAN JOVAN JACKSON DC#D15678
PLAINTIFF,

V.

SERGEANT LANIER et, AL
DEFENDANTS.

LEGAL MAIL
INSPECTED BY: [signature] 11/20/20
OFFICERS SIGNATURE AND DATE

## THIRD AMENDED COMPLAINT

PRESENTED is A CIVIL ACTION AUTHORIZED BY U.S.C. SECTION 1983 TO REDRESS the DEPrivATION, UNDER COLOR OF STATE LAW, Well FOUNDED RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES.

FILED USDC FLND PN
NOV 30 '20 PM4:00

# PARTIES TO THIS COMPLAINT

## I PLAINTIFF:

ANTWAN JOVAN JACKSON
DC# D15678

## II DEFENDANTS:

(1) LANIER
Sergeant (AS OF JUNE 2018)
N.W.F.R.C.
4455 SAM Mitchell Rd
ChipLey, FL 32428

(2) PLYbON
SergeANT (AS OF JUNE 2018)
N.W.F.R.C.
4455 SAM Mitchell Rd
ChipLey, FL 32428

(3) Justice
Officer (AS OF JUNE 2018)
N.W.F.R.C.
4455 SAM Mitchell Rd
ChipLey, FL 32428

(4) Shivley
Nurse (AS OF JUNE 2018)
N.W.F.R.C.
4455 SAM Mitchell Rd
ChipLey, FL 32428

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?

Yes( ) No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): ______
   (b) Defendant(s): ______
2. Name of judge: ______ Case #: ______
3. County and judicial circuit: ______
4. Approximate filing date: ______
5. If not still pending, date of dismissal: ______
6. Reason for dismissal: ______
7. Facts and claims of case: ______

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ) No(✓)

1. Parties to previous action:
   a. Plaintiff(s): ______
   b. Defendant(s): ______
2. District and judicial division: ______
3. Name of judge: ______ Case #: ______
4. Approximate filing date: ______
5. If not still pending, date of dismissal: ______
6. Reason for dismissal: ______

7. Facts and claims of case: ______________________

______________________

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ) No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): ______________________
   b. Defendant(s): ______________________
2. District and judicial division: ______________________
3. Name of judge: ______________ Case #: ______________
4. Approximate filing date: ______________________
5. If not still pending, date of dismissal: ______________________
6. Reason for dismissal: ______________________
7. Facts and claims of case: ______________________

______________________

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓) No(✓)

1. Parties to previous action:
   a. Plaintiff(s): ANTWAN JOVAN JACKSON
   b. Defendant(s): JENKINS et al
2. District and judicial division: N.D. FLA.
3. Name of judge: MCR/MJF Case Docket # 5:18-CV-217
4. Approximate filing date: Sept. 2018 Dismissal date: 2-18-19
5. Reason for dismissal: "MALICIOUS"

6. Facts and claims of case: ______________________________

______________________________

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

See Supplement Pg: 24

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

See Supplement Pg: 22

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

See Supplement Pg: 22

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

11-19-20
(Date)

[signature]
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 20th day of NOVEMBER, 2020.

[signature]
Signature of Plaintiff

Revised 03/07

# SUPPLEMENT

# TABLE OF CONTENTS


| | pg. |
|---|---|
| • ANNOTATION | 10 |
| • ADMIN EXHAUSTION | 11 |
| • SUMMONS | 17 |
| • MEMORANDUM | 18 |
| • LEGAL CLAIMS | 22 |
| • PRAYER FOR RELIEF | 22 |
| • VERIFICATION | 23 |
| • STATEMENT OF FACTS | 24 |
| • PREVIOUS LAW SUITS | 30 |

# ANNOTATION

- Based on this courts order (Document 19) Filed on November 15th 2019 to which states in part "Jackson's Amended Complaint Fails to state a plausible eighth Amendment claim Aginst Captain Jenkins":

Plaintiff removed Jenkins From this Complaint.

- the Court Further states That "in order to satisfy § 1997 (e)(e), A prisoner Must Allege More than A de Minimis physical inJury. Harris, 190 F.3d at 1286-87 (holding that "in order to Satisfy section 1997 e(e) the physical inJury Must be More than de Minimis, but need not be Significant.")":

Plaintiff has sustained physical InJuries e.g. Severe Neck inJury (Constant pain in Neck: can't Fully turn or bend neck.)
Severe Back inJury (constant back pain: Can't Fully bend at waist.)
Severe Head InJury (constant Migraine headaches, And Motor-Skill damage.)
Slight Hearing Lost in right ear.
The Plaintiff has sustained Mental And emotional inJuries e.g. severe paranoia, anxiety, Depression.

- The Full Names of Defendants And other relevant information is unknown e.g. Information Pertaining to exhibits Must be obtained by Court order.

# ADMINISTRATIVE EXHAUSTION

FLORIDA DEPARTMENT OF CORRECTIONS

RECEIVED
1 OF 2
JUL 3 2018
Department of Corrections
Inmate Grievance Appeals

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| JACKSON, ANTWAN, J | D15678 | ~~Florida State Prison Main Unit~~ N.W.F.R.C. |
|---|---|---|
| Last First Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance** 18-6-24038

I trully feel that I may be adversely affected if I submit this Grievance at the institutional Level due to the staff members involved ON 6-23-18 AT Approximately 12:00 pm Sgt. Lanier approached me in K1 Sally port Area and stated "Let me see that Long dick since every-one else wants to see it, if not cut the son of a bitch off, you have 18 hours. On 6-24-18 at approximately 3:00 pm Sgt. Lanier packed my property in cell K1202 and placed me in cell K4106. He lied stating that Capt. Jenkins approved the move however the Housing roster still showed me housed in K1. This move was done so that I could be assulted by certain inmates. During shift chang at 6pm Lanier consulted with his relief staff Sgt. Plybon and ofc. Justice informing them not to allow me back in my assigned Quad K1 so that I could be assulted by certain inmates in K4. At approximately 6:15 pm I approached the door with my be-longings in an attempt to exit K4. Once in the vestabul area Sgt. Plybon told me that Sgt. Lanier told him not to let me leave and that ofc. Justice also knows whats going on. Sgt. Plybon stated "Take it like a man you about to get your ass wiped." I told Plybon I had a psych Emergency and that I was in fear for my life, he then stated, "Fuck your Emergency Ain't no Audio out here Get your ass back in the Quad." I went back to 4106 and locked the door for the rest of the night. The next morning 6-25-18 at approximately 3:00 AM Sgt Plybon app-roached my cell and stated "The nurse is here with your meds if you say anything or act crazy im going to personally beat the

6-26-18
DATE

[signature] D15678
SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** 1 / [signature]
# Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine [illegible]

DC# D05673
N.W.F.R.C.
6-26-18

2 of 2

Fuck outta you." He then radioed to ofc. Justice to open my door. once in the hallway I recieved my meds then told Nurse ___ had a psych Emergency and that I was Going to hang myself. She stated "well hang Then." SGt. Plybon then Forcefully pushed me back inside the Quad. I went to my cell, Got a sheet and agian told them I was Going to hang. They Just Laughed. I tied the sheet to the TV stand and then around my neck attempting to hang until the sheet Came loose and I fell to the floor. The Nurse SGT. Plybon and ofc. Justice witnessed this and Did Nothing. A Few Minutes Later two inmates approached me making threats while I stood at the Door. one hit me in the back of the head. A Few Minutes later while in my cell one of the Two inmates entered and started making threats. Then the other came in and they Assulted me. A third inmate Came in and all three Assulted me stating "this is For Lanier." ofc. Justice was Fully Aware of what was Going on. After the Assult I exited the Quad and went to Quad 1, My Assigned Quad. The inmates who Assulted me Spoke with Justice and they laughed. one of the inmates entered Quad 1 making several threats towards me eventually attempting to stab me with a homemade Knife. A Few Minutes Later A white Male entered Quad 1 making threats towards me. He left the Quad and approximately 7 minutes Later he returned and Assulted me in the Day room Area as ofc. Justice observed. Another inmate Attempted to help me but he also was Assulted. ofc. Justice Gave those inmates access to Quad 1 Fully aware that they were not assigned to Quad 1. Justice Failed to Radio in A Fight but called in my psych Emergency to make it seem as he did so. once I was seen I told Medical and mental health my injuries derived from me hanging due to me still being in Fear for my safety. My injuries are: Rib, head, Eye, Leg, Mental. Camera in each Quad and hallway will substantiate my claims. Inmates names are unknown Note: one inmate transferred the morning of the incident. Please hold Camera Evidence For Further Litigation.

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

MAILED/FILED WITH AGENCY CLERK
JUL 06 2018
Department of Corrections
Bureau of Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| JACKSON, ANTWAN, J | D15678 | ~~Florida State Prison-Main Unit~~ N.W.F.R.C. |
|---|---|---|
| Last First Middle Initial | DC Number | Institution |

Part A – Inmate Grievance 18-6-29291

This is AN AMENDMENT TO THE Direct Grievance Sent to this office Dated 6-26-18 The NAME of the Nurse involved to which was left out is NURSE Shively.

6-29-18
DATE

[signature] D15678
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ____ / ____
\# Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate ...

RECEIVED
JUL 2? 2018
Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| JACKSON, ANTWAN | D15678 | 18-6-29291 | R.M.C.- MAIN UNIT | |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been received in non-compliance. This appeal is determined to be a supplement to an appeal, which has already been accepted for review by this office. There is no provision in Chapter 33-103, which allows for supplements and/or amendments to be presented unless they contain relevant and determinative information which was not accessible to or known by the inmate at the time the original appeal was filed. You have not provided sufficient proof of this requirement.

Note: You currently have no pending appeals with this office.

Your request for administrative appeal is returned without action.

W. Millette

W. Millette — 7/17/18

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

2157812-0150

Mail Number:
Team Number: 17 14
Institution: HAMILTON ANNEX

TO: (Check One) ☐ Warden ☐ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Mental Health ☐ Dental ☑ Other Inspector

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | JACKSON, ANTWAN | D15678 | H2207 | | 12-9-18 |

**REQUEST**

Check here if this is an informal grievance ☑

CASE: NO. 5:18-CV-217-MCR/MJF

I have a pending Civil Suit At N.W.F.R.C. Its been Almost 6 Months since the incident. this is About my 6th or 7th Attempt to have the Camera Footage stored from That institution to no avail. Also I need info that pertains to this situation.

Note: this is not a Grievance Requesting information however, I am informing you of my situation and Letting you Know that I have taken the Appropriate Routes to have the Following things done:
1- have Camera footage saved from N.W.F.R.C. K-Dorm on 6-23-18 6-24-18 and 6-25-18.
2. Find out my housing Location on the Aforementioned Dates e.g. Dorm/bunk Assignment.
Please see to it that the Appropriate Staff provide this info A.S.A.P.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: D15678

RECEIVED
DEC 11 2018
OFFICE OF ASSISTANT WARDEN

DO NOT WRITE BELOW THIS LINE

**RESPONSE**

DATE RECEIVED:

This is not a Grievance for you are asking for assistance. Petition your lawyer for the requested information.

[The following pertains to informal grievances only:

Based on the above information, your grievance is Returned (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): CO [illegible] Official (Signature): [signature] Date: 12-12-18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO. 5:19-CV-114-MCR/MJ

ANTWAN JOVAN JACKSON
PLAINTIFF,

V.

(1) SERGEANT LANIER
SERGEANT PLYBON
OFFICER JUSTICE
NURSE SHIVELY
DEFENDANTS.

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS

You Are hereby SUMMONED AND required to serve upon PLAINTIFF, whose ADDress is LAKE CORRECTIONAL Institution 19225 Hwy 27 CLERMONT, FL 34715 ANswer to the Complaint to which is here with served upon you, With-in (60 Days) After service, or (60 Days) if the U.S. Government, officer/Agent there of is A Defendant. IF you Fail to do so, Judgment by default will be taken Against you For The relief demanded in The Complaint.

CLERK OF COURT

DATE: ______________

(1) Job Titles As of June 2018.

MEMORANDUM

The mixed war situation and or condition is that where those in authority have violated their oaths of office, the fundamental law they took an oath to uphold and protect violated the codes, statutes, and regulations that govern them thereby they disregarded the peace and safety of the people by their actions, acting for undisclosed foreign agents or governments against those whom they swore to protect. The maxims in law are as much a part of the laws of human relations as a foundation is a part of a building, they are fundamental and immutable having their basis in God's laws, no one of sound mind argues against them. They are the bedrock of logic, of reason, of common sense of truth, they are fundamental principles upon which all that is right, just and true is founded. They are the standards to measure the correctness of any course of action. Staff employed with the Department of Corrections Corporation operating under the color of State law i.e., the coloring agreement, the U.S. Constitution by oath creates a Civil Contract of Liability. The Public Law pertains to the powers, rights, duties, capacities and incapacities of government and its delegated authority. Those laws which are concerned with a government in its political capacity, considered in its quasi-private personality i.e., as capable of holding or exercising rights or acquiring and dealing with property in the character of an individual casual person, title / estate. Due process and the 14th amendment which our founding fathers feared the power

of the Federal Government to deprive Anyone of Life, Liberty, or property without due process of law. It was later exemplified that the states can also act in tyrannically in depriving a person of these rights. Subsequently, a Commercial Affidavit not responded to timely Gives way to a Criminal Complaint. Violations of the specific performance Contract e.g. the U.S. Constitution and any oath related to Laws, statues provisions etc to which foundation is the U.S. Constitution performance Contract. An appertaining Commercial lien uncontested by a Categorical point-by-point rebuttal of Affidavits substantiates an account receivable security (15 U.S.C.) Action initiated as a true bill in Commerce publicly declared by the Media via The Internet ect requires Medical Care, damage to the Actual person, property Compensation service is paid (Just Compensation 5th Amendment Const. U.S.)

ALSO SEE:

Hudson v. McMillam, 503 1 (1992) 8th Amendment Violation. "Brutality by being Kicked Caused harm."

Irving v. Dormire (C.A. 8 (Mo.) 2008) under 8th Amend. prison officials were deliberately indifferent to a serious risk of harm to inmate C.O.'s made 3 alleged offers of payment to have inmate harmed and even armed an inmate to do so due to officers initiating Civil suit. Cruel and unusual punishment. Harmed due to officers Hit.

Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir 2003) A prison official violates the 8th Amendment "when a substantial risk of serious harm, of which the official is subjectively aware exists, and The official does not respond reasonable to the risk."

Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d.556 "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."

Walker v. Lockhart, 678 F. 2d 68 (8th Cir. 1982) The Court ordered Arkansas Authorities to take specific steps to protect Walker during his appeal.

Bailey v. Fla. Dept. of Corr., 958 So. 2d 986 (Fla. Dist. Ct. App. 4th DCA 2007) pertains to compliance with the applicable presuit notice requirments [FN. 19].

Monell v. Dept. of Social Services of the City of New York, 436 U.S. 659 (1978) suing Corporation.

McLane v. A Florida Corporation et. al 4th D.C.A. 2015 LEXIS 16575 No. 4D15-107 "..Letter of Agreement.." "..Breached a contract by failing to perform acts that the contract required to be performed in this state.."

Jones v. Bock, 549 U.S. 199 (2007) No need to show that all admin. remedies were exhausted.

Ex-parte Young, 209 U.S. 123 (1908) Eceptions to Eleventh Amendment immunity.

Franklin v. Curry, 738 F. 3d 1246 11th Cir. (2013.) "Defendants are entitled to immunity under the 11th Amend. unless the official(s) violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Also see: Reece v. Groose, 60 F. 3d 487, 491 (8th Cir. 1995.); Young, 508 F. 3d at 870-71, 875.

Hudson, 503 U.S. at 10, 112 S. Ct. 995 "..Bruises, and swelling were more than de minimis." Also see Foulk v. Charrier, 262 F. 3d 687, 692, 700-01 8th Cir. 2001 and Hickey v. Reeder, 12 F. 3d 754, 757 (8th Cir. 1993.)

Burton v. Livingston, 791 F.2d 97, 99-100 (8th Cir 1986) It is clearly established".. That a Guard may not threaten an inmate with Death by means of arming, bribing, and inciting other inmates to accomplish that which a Guard may not do Directly." Also see: Irving 519 F.3d 441 (C.A. 8 (MO) 2008 1. Bri-Gance [14].

# LEGAL CLAIMS

The Defendants in their INDIVIDUAL AND OFFICIAL Capacity's violated the plaintiff ANTWAN JOVAN JACKSON i.e. The CORPORAL LITIGANT'S SOVEREIGN rights AND rights under the UNITED STATES CONSTITUTION Performance Contract e.g. the 8th AND 14th AMENDMENTS. THE UNIVERSAL DECLARATION OF HUMAN RIGHTS. INTERNATIONAL CONVENTIONS 10-12. ARTICLE 1 OF THE UNITED NATIONS CONVENTION, AND UNDER THE COLOR OF STATE LAW VIOLATED THE FLORIDA CONSTIUTION AND The Department of Corrections FLORIDA ADMININstrative CODE CH.33-208.002 Rules of CONDUCT, e.g. "OFFICIALLY DESIGNATED DUTIES."

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF With TEMPERENCE, FORTITUDE, PRUDENCE AND JUSTICE respectfully prays that this Court enter Judgment granting relief in The Matter of:

- Compensatory Damages in the AMOUNT OF $ 80,000 Against each Defendant, Jointly AND Severally.
- PUNITIVE DAMAGES in The AMOUNT OF $ 80,000 Against each Defendant Jointly AND severally.
- PLAINTIFF'S TOTAL COST in this Suit.
- Interstate Transfer For safety Reasons.
- A Jury Trial on All issues triable by Jury.
- Any Additional relief this Honorable Court deems Just AND Proper.

Dated: 11-20-20

Respectfully submitted,

[signature]

ANTWAN JOVAN JACKSON - D15678

VERIFICATION

I have read the foregoing complaint and hereby verify the matter alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at LAKE C.I. on 11-20-20

Antwan Jovan Jackson

## STATEMENT OF FACTS

(I) In (June 23rd 2018) at Northwest Florida Reception Center K-Dorm Wing 1 approximately (3:55 pm) Sergeant Lanier called me into the sallyport area and stated "Let me see that long dick since every else wants to see it, if not cut the son of a bitch, you got 18 hours." I did not comply with his request see Prison Rape Elimination Act, investigation results, Exhibit (A). On (June 24th 2018) at approximately (7:18 am) Sgt. Lanier as soon as he arrived to work, approached my cell (1202) looked at his watch and stated "Your time is up so what you go do" then he walked away. At approximately (3:00 pm) Sgt. Lanier and an unknown inmate entered my cell (K1202) without me being present, note: (I was in a holding cell in the salllyport area) and packed all of my personal and state property. Sgt. Lanier lied telling me that Captain Jenkins approved me to be moved to another wing (K4106) however, the C.D.C. still housed me housed in (K1). This illegal move was done so that I could be assaulted by certain inmates who Lanier paid that were housed in K4. At (6:00 pm) during shift change Lanier consulted with his relief staff Sergeant Plybon and Officer Justice informing them not to allow me back into my assigned quad (k1) so that the assault could take place. Sgt. Lanier had me assaulted because I failed to

comply with his sexual request. During this assault I received physical and mental injuries. See Exhibit (a) also see Camera Evidence.

(II) At approximately (6:15 pm on June 24th 2018) I attempted to exit (K4) with all my belongings. Once in the sallyport area I told Sergeant Plybon that I was declaring a psychological emergency and that I was in fear for my life. His response was "Fuck your emergency, ain't no audio out here get your ass back in the quad!" Sgt. Plybon told me that Sgt. Lanier told him not to let me go back to (K1). He also told me that his coworker Ofc. Justice was aware of the situation so there was no need to speak with him in an attempt to go psych or move back to (K1). Plybon told me to take it like a man I'm about to get my ass wiped. At that time I went back inside (Quad 4) to cell (4106) and locked the door for the rest of the night. The next morning (June 25th 2018) at approximately 3:00 am) Sgt. Plybon approached my cell and stated "the nurse is here with your meds, if you say anything or act crazy I'm going to personally beat the fuck outta you!" He then radioed to Ofc. Justice, located in the officers stations to open my door. Once in the hallway I received my meds then told Nurse Shively I had a psychological emergency and that I was going to hang myself. She stated "well hang then." Sgt. Plybon then forcefully pushed me back inside (Quad 4). At that time I went to cell (4106), got a sheet then went back to the front door and

again told Sgt. Plybon and Nurse Shively I was about to hang myself. They just laughed. "I tied the sheet to the TV stand and then around my neck hanging until the sheet came loose and I fell to the floor. Sgt. Plybon, Nurse Shively and Officer Justice all witnessed this and did nothing. A few minutes later two inmates approached me making threats while I stood at the front door. One struck me in the back of the head with a closed fist Note: (This was the same inmate who Sergeant Lanier had help him pack and carry my property). They told me to get away from the door so I went back to my cell (4106). A few minutes later one of the two inmates entered the cell making threats, then the other came in and at that time they assaulted me, punching, kicking etc. A third inmate came int and all 3 beat me stating, "this is for Lanier!" Sgt. Plybon was fully aware of what was taking place but did absolutely nothing. After the assault I was then allowed to exit the quad and return to (Quad 1) my assigned quad. Note: (when I entered cell (4106) before being assaulted, I had on shoes. When I exited the cell I was bare footed.) See: Exhibit (na) also see Camera Evidence.

(III) Officer Justice was fully aware that was being assaulted. He was in the officers station with Control over ever door in the dorm and a clear view inside every wing. During the assault in cell 4106 I attempted to break free and run out of the room but I was over powered and one of the inmates

slammed the door closed. After the assault one of the inmates told another inmate in the dayroom area to tell Ofc. Justice to open the door. Him being aware of the situation prompted him to immediately comply with the request, opening it, everyone exited the cell (I was now barefoot). As I approached the front door Justice immediately opened it allowing me to exit (Quad 4) and enter (Quad 1). The inmates who assaulted me spoke with Justice about what they did and they all joked and laughed. He allowed one of them to enter (Quad 1) and this inmate made several threats eventually attempting to stab me with a homemade knife. A few minutes later Ofc. Justice allowed a white male from (Quad 4) to enter (Quad 1), and this inmate made threats towards me. He exited the quad and approximately 7 minutes later he was allowed to return, and this inmate assaulted me in the dayroom area as Officer Justice observed. Another inmate attempted to stop the assault but he was assaulted also. Justice gave those inmates access to (Quad 1). Officer Justice exemplified sadistic neglect by failing to intervene and call for backup to stop these individuals from harming me. He finally called in my psych emergency and allowed me to secure myself in the front entrance between the front door and the "Grill Gate" Justice acted in concert with the other defendants in this case. See Camera Evidence.

(IV) On (June 25th 2018 at approximately 3:05 am) while distributing medication in K Dorm at the Grill Gate, Nurse Shively handed me my meds and at that time I informed her of my Psychological Emergency and told her that I was going to hang myself. She stated, "Well hang then!" After being forced back inside the quad I went to cell (4106), grabbed one of my sheets and again told Nurse Shively and the officer that I was about to hang. They just laughed. I tied the sheet to the T.V. Stand and then around my neck in an attempt to hang. The sheet came loose and I fell to the floor. Nurse Shively witnessed this and did nothing exemplifying deliberate indifference and neglect. I could have killed myself or could have been killed as a result of her not intervening and following protocol. I was assaulted and received several injuries due to her neglect. Nurse Shively acted in concert with the other defendants in this case. See: Exhibit (B) Also see Camera Evidence.

(V) On (June 24th 2018 at approximately 4:30 pm) Captain Jenkins, Sergeant Lanier and an unknown officer entered (K Dorm). In Capt. Jenkins presence Sgt. Lanier removed me from the holding cell and told me that Jenkins approved me to be moved to (Quad 4). I retrieved my belongings and went into (Quad 4) Cell 4106). This so called move was done so that I could be assaulted by certain inmates who resided in (Quad 4). As a result of this move I attempted to hang myself and I was assaulted by 4 inmates.

Me being relocated from (Quad 1 to Quad 4) was done in violation of DOC Policy. The updated C.D.C. did not reflect this move and showed me still housed in (Quad 1). Captain Jenkins acted in concert with the other defendants in this case. See: Exhibit (C) Also see Camera Evidence.

On or about (June 26th 2018) while on S.H.O.S. I informed Captain Martin of my P.R.E.A. allegation. I was given a witness statement to fill out and I explained what happened as far as Sergeant Laniers sexual misconduct and me being assaulted. I requested to be separated from Lanier and the inmates who assaulted me which resulted in me being placed on Protective Management (P.M.) I was housed in (J1201). On (June 29th 2018) I was brought P.R.E.A. papers, for the first time, explaining my rights. I signed confirming that I received them. On (July 3rd 2018) at approximately (9:37 am) I was given a I.C.T. hearing to which only lasted about 15 seconds literally. I was not allowed to speak, I was only told that based on my allegations I would be transferred. Those measures reflected that my claims were substantiated. See: Exhibit (D).

## PREVIOUS LAWSUITS

1ST ACTION

1. Jackson v. Sec'y Dep'y of Corr.
2. M.D. Fla.
3. 6-14-cv-155-JA-GJK
4. Jan. 24, 2014
5. June 27, 2014
6. Unexhausted claims
7. Challenging August 16, 2006 Conviction / Sentence

2ND ACTION

1. 1. Jackson v. Sec'y Dep'y of Corr.
2. M.D. Fla.
3. 6-14-CV-544-PGB-GJK
4. Apr. 1, 2014
5. Feb. 5, 2016
6. Untimely
7. Challenging August 16, 2006 Conviction / Sentence

3RD ACTION

1. Jackson v. Palmer
2. M.D. Fla.
3. 3:14-cv-1249-BJD-JBT
4. Nov. 20, 2014
5. Voluntarily Dismissed
6. N/A
7. Staff Assault

4TH ACTION

1. Jackson v. Sec'y Dep'y of Corr.
2. M.D. Fla.
3. 6-18-cv-1331-GKS-KRS
4. Aug. 8, 2018
5. Jan. 311, 2019
6. Lack of Jurisdiction
7. Manifest Injustice

5TH ACTION

1. Jackson v. Jenkins
2. N.D. Fla. Fla.
3. 5:18-cv-217-MCR/MJF
4. September 2018
5. Feb. 12, 2019
6. "Malicious"
7. 8th Amend Violation / Conspired to have Plaintiff Assaulted. Failure to protect..

ANTWAN JACKSON - D15678
LAKE CORR. INST.
19225 Hwy 27
CLERMONT, FL 34715-7757

LEGAL MAIL
INSPECTED BY: [signature] 11/20/20
OFFICER'S SIGNATURE AND DATE

U.S. Dist. Ct. N. [illegible]
1 N. PALAFOX St
PENSACOLA, FL 32502-566[illegible]