UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTWAN JOVAN JACKSON,

    Plaintiff,

v.                                      Case No. 5:19-cv-114-MCR-MJF

SERGEANT LANIER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon Plaintiff Jackson's motion for an "Order to Show Cause for Preliminary Injunction." (Doc. 49). For the reasons set forth below, the undersigned recommends that the motion be denied.[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

Jackson is an inmate of the Florida Department of Corrections currently confined at Lake Correctional Institution ("Lake CI"). (Doc. 49). Jackson initiated this lawsuit on April 19, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Jackson's third amended complaint is the operative complaint. (Doc.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

36). Jackson is suing three prison officials and a nurse at the Northwest Florida Reception Center—Sergeant Lanier, Sergeant Plybon, Officer Justice, and Nurse Shively. Jackson claims that these Defendants violated his constitutional rights on June 23-25, 2018, in connection with an inmate assault and psychological emergency at NWFRC. (*Id.*).

Jackson's motion for an "Order to Show Cause for Preliminary Injunction" seeks injunctive relief against prison officials at Lake CI—Ms. Perkins and "security staff." (Doc. 49). Specifically, Jackson seeks an injunction "to immediately cease their false imprisonment i.e. all violations against the plaintiff so that he may adequately litigate." (*Id.* at 2). In support, Jackson alleges that he is "housed in confinement under false preten[s]es;" that he is not receiving sufficient law library assistance, and that his mail is being tampered with. (*Id.* at 1).

## II.   DISCUSSION

To establish entitlement to a temporary restraining order ("TRO") or preliminary injunction, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the TRO/injunction is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989); *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011) (emphasizing that a temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy").

The chief function of TROs and preliminary injunctions "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct at

issue in the actual complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In addition, as a jurisdictional matter, the persons from whom the injunctive relief is sought must be parties to the underlying action. *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842-43 (11th Cir. 1995) (denying motion for TRO against non-party for lack of subject matter jurisdiction); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." ); *see also E.A. Renfroe & Co., Inc. v .Moran*, 338 F. App'x 836, 838 (11th Cir. 2009) ("[I]t is axiomatic that courts may only enjoin parties before the court.").

Jackson's motion for a preliminary injunction seeks to restrain non-parties for conduct wholly unrelated to this lawsuit. This court lacks jurisdiction to issue Jackson's proposed injunction against prison officials at Lake CI.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that: Plaintiff's motion for an "Order to Show Cause for Preliminary Injunction" (Doc. 49) be **DENIED**.

At Panama City, Florida, this 10th day of March, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**