UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTWAN JOVAN JACKSON,

    Plaintiff,

v.                                                    Case No.  5:19-cv-114-MCR-MJF

SERGEANT LANIER, *et al*.,

    Defendants.
_____/

## ORDER

This prisoner civil rights case is before the court upon two motions for summary judgment: (1) Defendant Shively's motion for summary judgment with evidentiary materials, Doc. 85; and (2) Defendants Justice, Lanier and Plybon's motion for summary judgment with evidentiary materials, Doc. 86. Before the court rules on these matters, Plaintiff will be required to file a response to each motion. Plaintiff's responses shall comply with the following guidelines.

A Defendant's motion for summary judgment will be granted if that Defendant shows: (1) "that there is no genuine dispute as to any material fact" and (2) that the Defendant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Rule does not require the Defendant to submit evidence *negating*

Plaintiff's claim, but only to demonstrate that the Rule 56(a) standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff's response to each summary judgment motion should include affidavits and any other documents or evidentiary materials, as required by Fed. R. Civ. P. 56 and Local Rule 56.1(C). Plaintiff is cautioned that he must dispute or contradict Defendants' arguments with evidence of a substantial nature as distinguished from legal conclusions. Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely on the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See* Fed. R. Civ. P. 56(c) and (e); *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

The types of evidentiary materials acceptable in opposition to summary judgment include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence, and affirmatively showing that the affiant is competent to testify to the matters stated in the affidavit. *See* Fed. R. Civ. P. 56(c)(4). Plaintiff should thoroughly review Rule 56 of the Federal Rules of Civil

Procedure as well as Local Rule 56.1 before responding to the summary judgment motion.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (here, Plaintiff), but unreasonable and speculative inferences will not be drawn from the materials. *See Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975). **Evidence filed by the Defendants in support of their motions for summary judgment may be accepted as true by the court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.** *See* Fed. R. Civ. P. 56(e)(2); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Each of Plaintiff's summary judgment responses also must include an opposing memorandum. *See* N.D. Fla. Loc. R. 56.1(C). In each memorandum, Plaintiff must include his own statement of facts in opposition, or he must otherwise respond to the Defendant's statement of facts. *Id*. Each assertion of fact must be supported by a pinpoint citation to the record evidence that supports that assertion – identifying the docket, exhibit, and page or paragraph number as necessary. *See* N.D. Fla. Loc. R. 56.1(F). Plaintiff's statement of facts may not be set out in a separate document; it must be included in the memorandum. *See* N.D. Fla. Loc. R. 56.1(B). In total, each memorandum **must not exceed 8,000 words** in length. Any evidentiary materials Plaintiff submits in support of his response to each summary

judgment motion should be attached to his memorandum (but not included in the word count). Plaintiff shall include a certificate stating the number of words in the memorandum.

Only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on the summary judgment motions. A motion for summary judgment will result in a final judgment without trial or any further proceeding if the pleadings, sworn affidavits, and other evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322-23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A motion for summary judgment may be resolved against a party without a hearing – and without further notice – at any time after the party has had an opportunity to file a memorandum and evidence under Local Rule 56.1. *See* N.D. Fla. Loc. R. 56.1(G).

Accordingly, it is **ORDERED**:

1. On **DECEMBER 30, 2021**, (the "submission date"), Defendant Shively's motion for summary judgment, Doc. 85, and Defendants Justice, Lanier and Plybon's motion for summary judgment, Doc. 86, will be deemed submitted on the motions, the pleadings, and the evidentiary materials filed in this case. On or at any time after this submission date, the court will consider

the motions for summary judgment and may resolve the motions and this case without an evidentiary hearing.

2.  **ON OR BEFORE THE SUBMISSION DATE**, Plaintiff shall file a response to each motion for summary judgment. **Plaintiff may not file a consolidated response; rather, he must file a separate response to each summary judgment motion.** Plaintiff must ensure that his responses comply with the provisions of Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1 of this court's Local Rules. Failure to follow the requirements of these rules may result in the summary judgment motion being granted and a final judgment being entered in favor of the respective Defendant(s), without there being an evidentiary hearing or trial.

3.  Any documents or evidence filed after the submission date will not be considered by the court, absent exceptional circumstances.

**SO ORDERED** this <u>30th</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**